In the Matter of JOHN LEIDMAN, on Behalf of Himself and All Other Employees Similarly Situated, Respondent, against SIDNEY H. BINGHAM et al., Constituting the Board of Transportation of the City of New York, et al., Appellants.

*Per Curiam.* The Trial Term's determination of the issue of laches remanded to it as an issue of fact by the order of this court on the prior appeal herein (277 App. Div. 34, appeal dismissed 302 N. Y. 675) is supported by the evidence and should not be disturbed.

The dissents on that prior appeal were only in part; namely, to remand for trial, in addition to the issue of laches, issues relating to the facts under which the employee failed to sign under protest. Accordingly, on that appeal, this court unanimously held that petitioner herein is one for whose benefit section 245 of the Military Law was adopted; that the board of transportation, by general resolution providing for annual increments paralleling the McCarthy mandatory increment law and by specific action in this petitioner's case, directed in each of the years in question payments to petitioner of annual increments of $120; that such allowances had to be actual for all purposes and not merely theoretical; that the purpose of section 245 was to allow an increment to petitioner while he was at war the same as he would have received under like circumstances if he had remained at home working for the board. The court also held that the circumstance that, while in military service in time of war petitioner signed without protest, should not preclude him from recovery.

That decision is the law of the case and it has not been altered or modified by the Court of Appeals. On appeal to the Court of Appeals on a certified question, the Court of Appeals dismissed but solely on the ground that the question certified was not decisive of the correctness of the order of this court.

Appellants rely on *Pisciotta* v. *City of New York* (300 N. Y. 664, affg. 275 App. Div. 966, remittitur amended 300 N. Y. 755, certiorari denied 340 U. S. 825). But on its facts that case is distinguishable. The plaintiff therein had signed a written release and waiver agreeing to accept a lower salary, viz., his salary as deputy markets commissioner as the basis for computing his military pay differential under section 245 of the Military Law; but on his return from war service he sought to relieve himself of that written agreement by claiming duress. In that case the legal effect of the written waiver was sufficient to preclude recovery. Accordingly on the particular state of facts presented to us in this record and in view of this court's prior ruling herein and the finding of the trial court that petitioner was not guilty of laches, the order of the learned trial court should be affirmed.

The order on the original motion appealed from and the order granting petitioner's motion for a final order appealed from, both dated March 24, 1952, should be affirmed, with costs to petitioner-respondent. Settle order.

The order denying respondents' motion for referral appealed from should be affirmed.

Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur.

The order on the original motion appealed from and the order granting petitioner's motion for a final order appealed from, both dated March 24, 1952, unanimously affirmed, with costs to the petitioner-respondent. Order denying respondents' motion for referral appealed from unanimously affirmed. Settle orders on notice. [See *post,* p. 972.]